# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**[Filed Electronically]**

| | |
|---|---|
| **ERNESTO GARZA, III,** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | ) |
| | )  3:20-cv-356-RGJ |
| **WELLPATH, LLC,** | ) |
| **Serve: Corporate Creations Network Inc.** | ) |
| **101 North Seventh Street** | ) |
| **Louisville, KY  40202** | ) |
| | ) |
| -and- | ) |
| | ) |
| **LESLIE HAUN, individually** | ) |
| **Serve: Kentucky State Reformatory** | ) |
| **3001 West Highway 146** | ) |
| **LaGrange, KY  40031** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## **COMPLAINT**

Plaintiff Ernesto Garza, III, for his Complaint in this matter, would respectfully show as follows:

### I. Jurisdiction and Venue

1. Plaintiff seeks damages under the Civil Rights Act of 1871, 42 U.S.C. §1983, for Defendants' gross and unconscionable violations of the Eighth Amendment's prohibition of "cruel and unusual punishment." Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§1331 and 1343. Plaintiff also seeks damages for Defendants' negligence and gross negligence. Acts pertinent to this suit occurred at the Kentucky State Reformatory

("KSR") and in Oldham and Jefferson Counties, Kentucky, and venue is therefore proper in this Court.

## II. Parties

2. Plaintiff was formerly an inmate at KSR, and is now living in Jefferson County, Kentucky.

3. Defendant Wellpath, LLC for all periods relevant to this complaint beginning January 25, 2019, and during the time between March 1, 2014 and January 25, 2019 for which it assumed the liabilities of CorrectCare Solutions, Inc. ("CCS"), its corporate predecessor: is registered with the Kentucky Secretary of State to do business in Kentucky; provided medical services to inmates of KSR; employed the medical professionals who dealt directly with Plaintiff (including individual Defendant Leslie Haun) and is therefore vicariously liable under Plaintiff's state law claims for the injuries caused by their wrongful conduct in the course and scope of their employment under the doctrine of *respondeat superior*; was responsible for the health, welfare, and medical needs of Plaintiff, for complying with Plaintiff's reasonable medical requests, and for seeing that Plaintiff was treated commensurate with the directions of his treating physicians and the prevailing standard of care; and was responsible for training and supervising the medical professionals in their employ to insure that they properly attended to Plaintiff's medical needs.

4. Defendant Leslie Haun was, at all times mentioned herein, an employee of CCS/Wellpath, was personally responsible for Plaintiff's care and treatment at KSR, and personally and directly participated in the mistreatment of Plaintiff described below.

## III. Nature of Defendants' Conduct

5. Defendants were all, at the time of the events made the subject of this complaint, state actors and, individually and in conspiracy with one another, engaged in the conduct described

below under color of the law of the Commonwealth of Kentucky. Defendants knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the misconduct, acts and omissions described below and therefore bear responsibility for the consequences. The offenses described below were also the result of the failure of Defendants with employment, training and supervision responsibilities to properly and conscientiously train and supervise the conduct of its employees and those under their supervision, and/or to promulgate and enforce appropriate operating policies, procedures and protocols either formally or by custom and practice, to protect Plaintiff's constitutional right to be free from cruel and unusual punishment. Defendants' conduct was intentional, deliberately indifferent or at least grossly negligent, was indicative of active malice toward Plaintiff personally or at least a total, deliberate and reckless disregard for and indifference to his well-being and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages Plaintiff is entitled to recover.

### IV.  Facts

6.     On December 23, 2018, Plaintiff broke his left leg and ankle in an accident at the Western Kentucky Correctional Complex. He was taken to Baptist Health Hospital in Paducah where he was informed he would need surgery. However, on December 27, 2018, before such surgery could be performed, Plaintiff was removed from the Hospital. On December 28, 2018, Plaintiff was transferred to the healthcare facility at KSR because of his injury and need for treatment.

7.     Upon arriving at KSR on December 28, Plaintiff had an obviously serious medical need because his injury was causing him severe and chronic pain and disability that significantly

affected his daily activities, and for which a physician had already mandated surgery. Plaintiff was prescribed and administered Naproxen for his ongoing severe pain.

8. It was not until on or around January 14, 2019, that Plaintiff was taken to Norton Orthopedic Institute in Louisville for examination and treatment. However, Plaintiff arrived two hours before his scheduled appointment. Instead of waiting until Plaintiff could be seen by a doctor, Plaintiff was taken back to KSR. Another appointment to see a specialist was not arranged until January 21, 2019, almost a month after Plaintiff's need for surgery had first been diagnosed. At that time, Plaintiff's treating physician at Norton's, Andrew Reed Harston, MD, confirmed that Plaintiff needed surgery. Dr. Harston ordered a pre-surgical CAT-scan, which was performed on January 28, 2019. Plaintiff was supposed to be returned to Dr. Harston for surgery promptly thereafter.

9. However, despite numerous requests by Plaintiff, Defendants did not arrange for his return to see Dr. Harston for *two months*. During that period of time, Defendant Haun repeatedly misrepresented to Plaintiff that his surgery had been scheduled, and/or that he would schedule Plaintiff's surgery. When Plaintiff finally saw Dr. Harston on March 28, 2019, he was informed by Dr. Harston that:

a) Too much time had passed for surgery to alleviate Plaintiff's pain and disability; and

b) Plaintiff's pain and disability as a consequence of the injury to his left leg and ankle were now permanent.

10. Pursuant to the requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997(e), Plaintiff, on April 1, 2019, grieved Defendants' misconduct. This tolled the one-year statute of limitations applicable to Plaintiff's claims until his administrative remedies were finally

exhausted on May 23, 2019, when Plaintiff received the final decision rejecting his good-faith pursuit of an administrative remedy.  *Exhibit 1.*

11. Plaintiff continues to experience severe pain and disability as a consequence of his injury.  He has in the past tried various orthotic devices, crutches, a walker, even a wheelchair to combat his severe, chronic pain and the restrictions of his disability.  Plaintiff has now been diagnosed with arthrosis in his left ankle, and is receiving cortisone shots in an effort to alleviate his pain and disability, with little effect.

### V.  Causes of Action

### Count 1

12. Plaintiff had a serious medical need, one that would be obvious even to an untrained layperson, and for which Plaintiff had been mandated treatment by a recognized medical authority. Instead of Plaintiff receiving treatment for his condition from Defendants, such treatment was inexcusably withheld and delayed as a consequence of Defendants' deliberate indifference to his condition in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  Defendants' conduct that has directly or indirectly contributed to Plaintiff's now-permanent pain and disability was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to the obvious pain and disability that would be suffered by Plaintiff as a consequence of such conduct.

13. Plaintiff believes and, after reasonable discovery, will show that such conduct is the result of policies, procedures, protocols, customs and/or practices of Defendants, either written or unwritten.  Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the well-being and constitutional and common law rights of inmates in Defendants' care, including Plaintiff, and the

wholesale violations of those rights likely to result from the regular and systematic pursuit of such policies, procedures, protocols, customs and/or practices.

14.  As a result of the foregoing, Plaintiff, as a consequence of Defendants' deliberately indifferent -- if not reckless, intentional and/or malicious -- conduct, has been subjected to cruel and unusual punishment, in violation of the Eighth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## Count 2

15.  By virtue of the foregoing, Defendants were negligent and grossly negligent in their treatment of Plaintiff; in addition, the medical professionals responsible for Plaintiff's care failed to meet the standard of care applicable to their professions in their treatment of Plaintiff.

## VI. Damages

16.  Plaintiff's now permanent pain, suffering and disability was unnecessary and preventable. Plaintiff is entitled to recover damages for the mental and physical pain and suffering he has endured, in the past and in the future, as a result of Defendants' misconduct. Plaintiff is also entitled to recover for the loss of his future earnings attributable to any permanent disability resulting from Defendants' misconduct.  Plaintiff is also entitled to recover all medical expenses he has incurred, and may continue to incur, as a consequence of Defendants' misconduct. Finally, Defendants' violations of Plaintiff's constitutional and common law rights were cruel, malicious, and evidence of a total and reckless disregard for his life and those rights, warranting an award of punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests that Plaintiff be awarded: (a) actual damages for his past and future mental and physical pain and suffering; (b) any diminution in his power to labor and earn money attributable to Defendants' misconduct; (c)

- 7 -

past and future medical expenses; (d) punitive damages; (e) costs; (f) attorneys' fees pursuant to 42 U.S.C. §1988; (g) pre- and post-judgment interest on all sums awarded; and (h) all other relief to which Plaintiff is entitled under law or in equity.

                                      Respectfully submitted,

                                      /s/ Gregory A. Belzley
                                      Gregory A. Belzley
                                      gbelzley3b@gmail.com
                                      Camille A. Bathurst
                                      cbathurst3b@gmail.com
                                      Aaron Bentley
                                      abentley3b@gmail.com
                                      Belzley, Bathurst & Bentley
                                      P.O. Box 278
                                      Prospect, KY  40059
                                      (502) 292-2452

                                      **Counsel for Plaintiff**