**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20-cv-00356-RGJ-LLK**

**ERNESTO GARZA, III**                                                                               **PLAINTIFF**

**v.**

**Wellpath, LLC,**                                                                                **DEFENDANTS**
**Leslie Haun,** individually

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for expedited discovery, to which Defendant Wellpath responded in opposition, and Plaintiff replied. [Docket Number ("DN") 11, 13, 14]. The District Judge referred the matter to the undersigned Magistrate Judge for "resolution of all non-dispositive matters, including discovery issues." [DN 12].

For the reasons below, the Court will DENY Plaintiff's motion, [DN 11], without prejudice.

**Procedural history**

In May 2020, Plaintiff filed a complaint, pursuant to 28 U.S.C. § 1983, against Wellpath, a provider of medical services to inmates at the Kentucky State Reformatory ("KSR"), and Leslie Haun, an employee of Wellpath, who provided treatment to Plaintiff during his stay at KSR. [DN 1].

In January 2021, this Court denied Wellpath's motion to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) because Plaintiff was not a prisoner when he filed his complaint and he is not a pauper as he paid the filing fee. [DN 6 at 2].

In February 2021, Wellpath filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted, to which Plaintiff responded in opposition, and Wellpath replied. [DN 8, 9, 10].

On July 8, 2021, Plaintiff filed the present motion for expedited discovery, to which Wellpath responded in opposition, and Plaintiff replied. [DN 11, 13, 14].

On July 14, 2021, the Court entered its Order for Meeting and Report, scheduling this case for a Rule 16 conference on September 20, 2021.  [DN 15].

**Discussion**

Plaintiff requests expedited discovery and tenders a proposed order to the effect that, "within 10 days of the date of this Order, [Wellpath shall] provide Plaintiff the last known address of Defendant Leslie Haun for service of summons."  [DN 11-1].[1]

As a threshold matter, this Opinion observes that Wellpath's Rule 12(b)(6) motion, which is ripe for ruling, does **not** counsel against ruling on Plaintiff's discovery motion at the present time (until after the Court rules on Wellpath's dispositive motion).  See *Peterson Motorcars, LLC v. BMW of N. Am., LLC*, No. 319CV00277DJHRSE, 2019 WL 8989835, at *3 (W.D. Ky. Nov. 1, 2019) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would [necessarily] stay discovery, the Rules would contain a provision to that effect."); *B.L. v. Schuhmann*, No. 3:18-CV-151-RGJ-CHL, 2019 WL 177940, at *5 (W.D. Ky. Jan. 11, 2019) (While "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined, … no party has cited to any authority requiring the Court to do so.")[2]

---

[1] In cases involving pro-se plaintiffs, district courts sometimes order providers of inmate medical services to provide the court with the last known address of any individual defendant -- but not in the present context of a request for expedited discovery from a counseled plaintiff.  See e.g. *Handley v. Wexford Med. Servs.*, No. 221CV00058JPHDLP, 2021 WL 1890283, at *3 (S.D. Ind. May 11, 2021) ("Wexford is ORDERED to provide the full name and last known address of any individual defendant who does not waive service if they have such information.  This information may be provided to the Court informally or may be filed ex parte."); *Cannon v. Corizon Med. Servs.*, No. 615CV02346KOBSGC, 2018 WL 7917074, at *1 (N.D. Ala. Oct. 29, 2018) (report adopted) ("On February 1, 2018, the undersigned ordered Corizon to notify the court whether it currently employed Nurses Coleburn, Alexander, Thurmon, and McDougle and, if not, to provide the court with the last known addresses for these defendants.").

[2] A stay of discovery might be appropriate if a Rule 12(b)(6) motion is not "garden-variety," meaning it "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or … it is patent that the case lacks merit and will almost certainly be dismissed."  *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015).  "[C]ourts in this district have ordered stays on discovery where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery,' or where 'discovery would be futile' if the motion to dismiss is granted."  *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *8 (W.D. Ky. June 26, 2018) (quoting *Gettings v. Bldg. Laborers Local 310 Fringe*

Fed. R. Civ. P. 26(d)(1) governs the timing of discovery and generally prevents parties from seeking discovery before they have conferred as required by Rule 26(f). *ARGI Fin. Grp., LLC v. Hardigg*, No. 3:20CV-00587-RGJ, 2020 WL 6930451, at *1 (W.D. Ky. Sept. 10, 2020). Rule 26(d)(1) permits expedited discovery at the discretion of the district court. *Id.* However, district courts within the Sixth Circuit generally require a showing of "good cause." *Id.* (collecting authorities).

Plaintiff's motion does not mention "good cause." [DN 11]. Wellpath's response discusses the "good cause" requirement identified above (in the previous paragraph). [DN 13]. In her reply, the only "good cause" Plaintiff alleges is "good cause" for not serving Haun to date:

> This procedural bar [i.e., the fact that Fed. R. Civ. P. 26(d)(1) generally prevents parties from seeking discovery before they have conferred as required by Rule 26(f)] explains, and establishes good cause for, Plaintiff's failure to serve Haun to date. … [G]ood cause exists to grant Plaintiff an extension to serve Haun …. Under Rule 4(m), the Court has discretion to order that Haun be served within a limited period of time. However, on a showing of good cause, the Court "**must** extend the time for service for an appropriate period." (Emphasis added).

[DN 14 at 2-3].

The issue of Plaintiff's "good cause," if any, for not sooner serving Haun focuses on past conduct and is unrelated to the issue of whether there is "good cause" for the Court to permit expedited (future) discovery. It appears that the appropriate time for Plaintiff to argue "good cause" for delayed service of Haun would be later -- when and if Haun is served and Haun and/or Wellpath object to any delay.

As noted above, on July 14, 2021, the Court entered its Order for Meeting and Report, scheduling this case for a Rule 16 conference on September 20, 2021. [DN 15]. The issue of the timing of the requested discovery can be reevaluated at the Rule 16 conference.

**Order**

---

*Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2012)). The Court has examined Wellpath's Rule 12(b)(6) motion to dismiss, [DN 8], and finds that it is garden-variety and that further discovery may affect the viability of Plaintiff's claims.

Therefore, Plaintiff's motion for expedited discovery, [DN 11], is hereby DENIED without prejudice. The parties are directed to include discussion of the issue of the timing of the requested discovery in their planning meeting and report.

July 23, 2021

Lanny King, Magistrate Judge
United States District Court

cc: Counsel of Record